1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TINA R. JOHNSON,

    Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

NO.  CV-11-466-RHW

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

      Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 14 and Defendant's Motion for Summary Judgment, ECF No. 19. The motions were heard without oral argument. Plaintiff is represented by Maureen Rosette. Defendant[1] is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Richard A. Morris.

**I.    Jurisdiction**

      On October 13, 2009, Plaintiff Tina R. Johnson filed a Title II application for disability insurance benefits (DIB) and at the same time filed Title XVI application for Supplemental Social Security Income (SSI). Plaintiff alleges that

---

      [1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

she has been disabled since March 1, 2005.

Her application was denied initially on February 8, 2010, and again denied on reconsideration on March 19, 2010. A timely request for a hearing was made. On November 17, 2010, Plaintiff appeared in Spokane, Washington before Administrative Law Judge (ALJ) Caroline Siderius. Jinnie Lawson, vocational expert, also appeared at the hearing. Plaintiff was represented by attorney Dana C. Madsen.

The ALJ found that Plaintiff was not disabled since March 1, 2005, through November 24, 2010, the date the ALJ issued her opinion. Plaintiff timely requested review by the Appeals Council, which was denied November 2, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h). Plaintiff timely filed an appeal with the U.S. District Court for the Eastern District of Washington on September 16, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.   Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ  proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  *Id.*  If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1   case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098

2   (9th Cir. 1999). This burden is met once a claimant establishes that a physical or

3   mental impairment prevents her from engaging in her   previous occupation.  *Id*.

4   At step five, the burden shifts to the Commissioner to show that the claimant can

5   perform other substantial gainful activity.  *Id*.

6   **III.   Standard of Review**

7         The Commissioner's determination will be set aside only when the ALJ's

8   findings are based on legal error or are not supported by substantial evidence in

9   the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)

10   (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla,"

11   *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance."

12   *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial

13   evidence is "such relevant evidence as a reasonable mind might accept as adequate

14   to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the

15   ALJ's denial of benefits if the evidence is susceptible to more than one rational

16   interpretation, one of which supports the decision of the administrative law judge.

17   *Batson v. Comm', Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the

18   evidence can support either outcome, the court may not substitute its judgment for

19   that of the ALJ." *Matney*, 981 F.2d at 1019.

20         A decision supported by substantial evidence will be set aside if the proper

21   legal standards were not applied in weighing the evidence and making the

22   decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th

23   Cir. 1988). An ALJ is allowed "inconsequential" errors  as long as they are

24   immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec.*

25   *Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

26   **IV.   Statement of Facts**

27         The facts have been presented in the administrative transcript and the ALJ's

28   decision, and will only be summarized here.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

At the time of the hearing, Plaintiff was 35 years old. She completed high school with a 3.0 grade point average. In 2003, she completed a three-month program and received certification as a nursing assistance. Plaintiff has worked as a jail keeper, a residential aide, and care giver at a nursing home. She stopped working in November, 2005, because she was missing work and had difficulty staying awake at work. Her longest period of employment was seven years when she was providing resident care. Plaintiff maintains her difficulties with anxiety and depression started when she found out shortly after her wedding that her husband was already married and had been for 18 years. (Tr. 62.)

Plaintiff was a methamphetamine and crack user, but the last time she used was in 2008. Plaintiff was convicted of felony possession of a controlled substance, methamphetamine. She spent time in prison sometime between 2006 and 2007. It was during this time period that Plaintiff lost custody of her daughter. Her daughter, who is now 17 years old, lives with her father in Oklahoma.

Plaintiff maintains she cannot work because she has terrible concentration and anxiety issues. She gets really nervous when she is around big groups of people, and it is hard to keep her focus and concentration.

**V.    The ALJ's findings**

The ALJ found Plaintiff meets the insured status requirement of the Social Security Act through December 31, 2010. (Tr. 22.)

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 1, 2005, the alleged onset date. (Tr. 23.)

At step two, the ALJ found Plaintiff had the following severe impairments: depression and anxiety. (Tr. 23.)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27.) The ALJ considered whether Plaintiff met the listing for 12.04 (Affective disorders) and

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

12.06 (Anxiety-related disorders). The ALJ concluded Plaintiff had mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation. (Tr. 27.) Because of these findings, the ALJ concluded "paragraph B" criteria are not met. (TR. 28.) The ALJ also found that "paragraph C" criteria was not met. (Tr. 28.)

The ALJ found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: simple, repetitive, 1-3 step tasks with no detailed work; occasional changes in work duties; no more than normal production requirements; superficial contact with the public; and occasional contact with coworkers and supervisors.

At step four, the ALJ found Plaintiff unable to perform past relevant work as a care giver, residential aide, or jail keeper. (Tr. 31.)

At step five, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity and found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Specifically, the ALJ found that Plaintiff can perform the jobs of housekeeper/cleaner, pricer/marker, or laundry worker. (Tr. 32.)

## VI.  Issues for Review

Plaintiff presents the following issues with respect to the ALJ's findings:

1.  There is not substantial evidence to support the ALJ's conclusions; and

2.  The ALJ erred in not properly considering the opinions of examining sources regarding her psychological impairments and resulting limitations.

Plaintiff believes she is more limited from a psychological standpoint than what was determined by the ALJ.

## VII.  Discussion

### 1.   Examining Psychologist's Opinion

Plaintiff argues the ALJ failed to properly consider the opinion of Dr.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

1  Mabee, Ph.D, who conducted two psychological examinations. In April, 2008, Dr.
2  Mabee concluded that Plaintiff would have: *moderate limitations* regarding her
3  ability to understand, remember, and follow complex instructions; learn new tasks;
4  perform routine tasks and control physical or motor movements and maintain
5  appropriate behavior; and *marked limitations* regarding her ability to exercise
6  judgment and make decisions, relate appropriately to coworkers and supervisors,
7  interact appropriately in public contacts, and respond appropriately to and tolerate
8  the pressures and expectations of a normal work setting. (Tr. 265.) He conducted
9  another examination on January 6, 2009, in which he concluded that Plaintiff
10 would have significant difficulties functioning in a typical work environment. (Tr.
11 256.) Notably, Ms. Lawson, the vocational expert, concluded that a person with
12 these limitations would not be employable. (Tr. 65-66.)

13      The ALJ gave Dr . Mabee's opinions little weight and instead relied on the
14 opinions of Dr. Chandler, Psy.D., who performed a consultative examination in
15 December, 2009. (Tr. 379-385.) Dr. Chandler opined that it was possible that drug
16 use could be a factor in Plaintiff's reported psychological distress. (Tr. 385.) Dr.
17 Chandler raised concerns about Plaintiff's credibility, noting several inconsistent
18 statements in the record. (Tr. 385.) She noted that Plaintiff seemed able to interact
19 appropriately, with coworkers and the public. (Tr. 385.) She concluded that
20 Plaintiff would be able to respond to changes in the workplace, follow short,
21 simple instructions, with normal persistence and pace. (Tr. 385.) The ALJ included
22 Dr. Chandler's limitations in Plaintiff's residual functional capacity. (Tr. 28.)

23      "When there is conflicting medical evidence, the Secretary must determine
24 credibility and resolve the conflict." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th
25 Cir. 1992). If an examining doctor's opinion is contradicted by another doctor's
26 opinion, an ALJ may only reject it by providing specific and legitimate reasons
27 that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211,
28 1216 (9th Cir. 2005). An ALJ may also reject an examining physician's opinion if

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

1    it is contradicted by clinical evidence. *Id.* But, an ALJ may not reject an examining

2    physician's opinion by questioning the credibility of the patient's complaints

3    where the doctor does not discredit those complaints and supports his ultimate

4    opinion with his own observations. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194,

5    1198 (9th Cir. 2008). "Where the evidence is susceptible to more than one rational

6    interpretation, the ALJ's decision should be upheld." *Id.*

7         The ALJ gave Dr. Mabee's opinion little weight for the following reasons.

8    First, the ALJ concluded that Dr. Mabee's opinion that Plaintiff cannot work is

9    inconsistent with his findings, based on objective tests, indicating her cognitive

10   functioning was good, she would be able to understand and follow simple and

11   complex instructions, and her pace and persistence were average. (Tr. 30.) Dr.

12   Mabee's limitations appeared to be based on Plaintiff's own self-statements,

13   which the ALJ found to be not credible.[2] (Tr. 30.) The ALJ noted the

14   inconsistencies with the reported difficulties in interacting appropriately and

15   meaningfully with others, yet Plaintiff reported having friends, attending church,

16   attending choir practice, having a boyfriend with whom she wanted to have a

17   child, and other activities that suggest she is able to interact meaningfully with

18   others. (Tr. 30.) The ALJ also relied on the fact that Dr. Mabee reported an invalid

19   MMPI due to over reporting of symptoms, yet it appears he still relied on this

20   testing in forming his opinion. (Tr. 30.)

21        Here, the ALJ did not err in resolving the conflicting testimony in favor of

22   Dr. Chandler's opinion. The ALJ provided specific and legitimate reasons that are

23   supported by substantial evidence. Dr. Mabee's identification of Plaintiff's

24

25        [2]The ALJ did not find Plaintiff's statements concerning the intensity,

26   persistence and limiting effects of her symptoms to be not credible to the extent

27   they are inconsistent with her residual functional capacity (Tr. 29.) Plaintiff has

28   not challenged this determination. The Court will not review this determination.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8**

limitations are not consistent with his objective testing and his opinion failed to account for the invalid MMPI and the possibility that Plaintiff was over-reporting of somatic complaints. Dr. Chandler indicated that Plaintiff's Mental Status Exam (MSE) indicated that her memory, concentration, ability to follow short, simple instructions, executive functioning, persistence, and pace were within normal limits, and she concluded that Plaintiff seemed able to interact appropriately with coworkers and the public and respond to changes in the workplace. (Tr. 385.) This conclusion was based on Dr. Chandler's examination, testing, and observation of Plaintiff.

**VIII.  Conclusion**

Plaintiff has not met her burden of showing the ALJ committed legal error, or that her conclusion that Plaintiff was not disabled from October 13, 2009 to November 24, 2010, is not supported by substantial evidence. The ALJ properly found that Plaintiff was capable of performing work as a housekeeper/cleaner; pricer/marker; or laundry worker and properly found that she is not disabled.

Accordingly**, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF 14, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 19, is **GRANTED**.

3.  The decision of the Commissioner denying benefits is **affirmed**.

///
///
///
///
///
///
///
///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

1    4. The District Court Executive is directed to enter judgment in favor of

2 Defendant and against Plaintiff.

3    **IT IS SO ORDERED.** The District Court Executive is hereby directed to

4 file this Order and provide copies to counsel, and **close the file**.

5    **DATED** this 15th day of October, 2013.

6

7

8          _s/Robert H. Whaley_

9         ROBERT H. WHALEY
          United States District Judge

10

11
 Q:\RHW\aCIVIL\2011\Johnson (SS)\sj.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**